UNITED STATES of America, Plaintiff,

v.

Vincente Victor
ROBINSON–ROBINSON,
et al., Defendants.

No. 86–452–Cr.

United States District Court,
S.D. Florida.

Aug. 13, 1986.

Sharon Kegerreis, Asst. U.S. Atty., Miami, Fla., for the U.S.

Kathy Hamilton, Coconut Grove, Fla., for Robinson-Robinson.

Ellen L. Leesfield, Coconut Grove, Fla., for Ramon Mendez.

Reemberto Diaz, Hialeah, Fla., for James Jimenez.

Eduardo Guerrero, Hialeah, Fla., for Gabriel Federico Puello-Lora.

Mario L. Cabello, Miami, Fla., for Alfonso Riascos.

Mario Cano, Coral Gables, Fla., for Genaro Perez.

Fernando E. Heria, Hialeah, Fla., for Celso Torres-Vasquez.

ORDER DENYING MOTION
TO DISMISS

ATKINS, District Judge.

THIS CAUSE came before the court on defendants motion to dismiss. The court has carefully considered the motion, memoranda, the record, and the oral presentations presented by counsel. Thus, it is

ORDERED AND JUDGED that said motion is denied.

The defendants were charged in a two count indictment. Count one charged them with conspiracy to knowingly and intentionally possess marijuana with the intent to distribute it. The second count charged them with the actual possession of the marijuana with the intent to distribute it. During the investigation of the case, the M/V San Juan disappeared. The government has investigated this matter, but has been unable to relocate this vessel. Thus, defendants assert that the case must be dismissed for violation of defendants' 5th and 6th amendment rights.[1]

In *United States v. Arra,* 630 F.2d 836 (1st Cir.1980), the court discussed the prob-

1. Although defense counsel have vigorously argued that the case must be dismissed, no case has been cited by counsel which squarely supports their position. The only case which has been presented to the court came from the government. Thus, it appears that the parties are not in disagreement over the relevant legal

lem of missing evidence.[2] Although the facts of that case are different from the situation presented in this case, the legal principles apply with equal force. The court stated that the loss of evidence must be distinguished from the willful suppression of evidence. Then, the court articulated the three-pronged test which must be used to determine whether defendants' due process rights have been prejudiced:

(1) Was the evidence material to the question of guilt or the degree of punishment;

(2) Were defendants prejudiced by its loss or destruction; and

(3) Was the government acting in good faith when it lost or destroyed the evidence.

*Id.* at 849. Defense counsel conceded that this was the appropriate test, and indicated that the loss of the vessel was the result of negligent conduct rather than any intentional misconduct by the government.

The loss of the vessel was extremely unfortunate; however, it was not so prejudicial to defendants so as to deprive them of due process. Similarly, the loss of the vessel did not impair counsels' ability to cross-examine the agents so as to make their representation ineffective.

The thrust of the defendants' argument is that they could not effectively cross-examine or impeach the government's witnesses regarding the vessel because they were unable to examine the boat and learn about its exact layout and precise dimensions. Yet, the vessel is a standard shrimp boat. In addition, the government arranged for a pre-trial viewing of the seizure/arrest of the vessel which was attended by some of the defense counsel. Similarly, the government provided sketches and photographs of the vessel to defense counsel.[3] In short, the court concludes that the absence of the boat for an examination by defense counsel does not seem to justify the dismissal of this action.[4]

---

principles, but simply disagree on the application of the law to the facts of this case.

**2.** The boat is listed as a stolen vessel, and the government has notified law enforcement vessels who are watching for it. Therefore, I conclude that the government has made an earnest effort to locate the evidence. *See id.* at 848.

**3.** While I recognize that the defendants should not be forced to testify for impeachment of the government's witnesses, the defendants were available to assist counsel in learning about the layout and dimensions of the boat.

**4.** The court notes that the evidence at trial showed that the M/V San Juan, with a seven man crew, was a 60' shrimp boat which contained 20,000 pounds of marijuana. The marijuana was stowed in the compartment adjacent to the engine room and in the aft and forward holds. The compartment near the engine room was reached through an open door.

The Coast Guard boarding party smelled marijuana as it approached the vessel. In addition, the marijuana occupied roughly a third of the vessel area. The fishing nets and cots were new and appeared not to have been used at all.